## Joseph R. Briggs & others *vs.* Timothy Shaw.
## Same *vs.* Bartholomew Leary & another.

Under a devise in these words, "I give and bequeath to A." certain real estate, "to have and to hold the same to him and his heirs and assigns forever; and in case of his decease I give and bequeath the same to B., his heirs and assigns forever; and in case of his decease I give and bequeath the same to the heirs at law of C. who may be living at the probate of this will, and their heirs and assigns, share and share alike," A. takes an estate in fee, if he survives the testator.

Two writs of entry to recover a parcel of real estate in Salem. At the trials in the superior court, before *Vose*, J., verdicts were rendered for the tenants, upon facts which are sufficiently stated in the opinion ; and the demandants alleged exceptions.

*W. B. Flagg*, for the demandants.

*S. B. Ives, Jr.*, for the tenants.

ȷRAY, J. The decision of these cases depends upon the legal construction of the following sentence in the will made by Jeremiah Briggs in 1844 : " I give and bequeath to my sister

Ruth Briggs, all my real estate in Salem, to have and to hold the same to her and her heirs and assigns forever; and in case of her decease I give and bequeath the same to my nephew John Abner Briggs, his heirs and assigns forever; and in case of his decease I give and bequeath the same to the heirs at law of my cousin William Briggs who may be living at the probate of this will, and their heirs and assigns, share and share alike." After the death of the testator and the probate of his will, John Abner died without issue; then William, leaving the demandants his heirs; and afterwards, without issue, Ruth, under whom the tenants claim title. The question is, whether by the will Ruth took an estate in fee; if she did, the demandants' exceptions must be overruled.

In bequests of personal property, the leaning in favor of vested interests, and the absurdity of speaking of the one event which is sure to occur to all living as uncertain and contingent, have led the courts to interpret the words " in case of the decease " of the first legatee, when followed by a second legacy of the same property, not to mean death at any time in the future, but death within a certain period, and, when no other period is indicated by the will, within the lifetime of the testator; and thus to substitute the second legacy in place of the first, and make it vest immediately upon the testator's death. *Cambridge* v. *Rous*, 8 Ves. 21. *Home* v. *Pillans*, 2 Myl. & K. 20, 21. The decision of Lord Loughborough in *Douglas* v. *Chalmer*, 2 Ves. Jr. 501, the peculiarities of which are pointed out by Lord Brougham in 2 Myl. & K. 28–31, must be maintained, if at all, upon its own special circumstances, and, as truly said by Vice-Chancellor Wood in a recent case, " appears never to be cited except for the purpose of being distinguished." *Schenk* v. *Agnew*, 4 Kay & Johns. 406.

This rule would apply to the devise to Ruth Briggs, even if it had contained no words of inheritance; for the word " estate " would have been sufficient to pass the fee, either at common law or under the statute. *Leland* v. *Adams*, 9 Gray, 171. Rev. Sts. *c.* 62, § 4. But its application is made the more necessary by the insertion in this devise of the most apt words to create

an estate in fee ; " to her and her heirs and assigns forever." A clear gift in fee is not to be cut down by subsequent ambiguous words. *Thornhill* v. *Hall*, 2 Clark & Fin. 36 ; S. C. 8 Bligh, N. R. 107. *Abbott* v. *Middleton*, 7 H. L. Cas. 84, 102.

We are therefore of opinion that Ruth Briggs, having survived the testator, took under the will an estate in fee. The testator's use of language in other parts of the will would confirm this construction, if any confirmation were required. That he did not look to an indefinite time in the future as the date of the death of Ruth or of John Abner, on each of which a subsequent gift, in the sentence already cited, depended, appears from his having made the last gift " in case of his decease," not to those who should be heirs at law of William at the time of the death of the previous devisee, but to such heirs who might be living at the probate of the will. It may be conjectured that the testator mistook the probate of the will, instead of his own death, as fixing the time from which his will would by law take effect.

*Exceptions overruled.*